IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARREN SCHRADER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**COMMERCIAL RECOVERY** )<br>**SYSTEMS, INC.,** )<br>)<br>Defendant. ) | 3:13-cv-00162-DRH-PMF |

## COMPLAINT

NOW COMES the Plaintiff, DARREN SCHRADER, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. DARREN SCHRADER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Edwardsville, County of Madison, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Cascade Financial.

1

6. The debt that Plaintiff allegedly owed Cascade Financial was for an automobile loan which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. Throughout the entire month of December of 2012, Defendant initiated multiple telephone calls to Plaintiff's mother.

15. Despite being fully cognizant of Plaintiff's location, in or around December 2012, Defendant proceeded to contact Plaintiff's mother.

16. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's mother.

17. Plaintiff's mother did not request that she be contacted by Defendant.

18. Defendant did not reasonably believe that location information provided by Plaintiff's mother was incomplete or erroneous or that Plaintiff's mother had more complete information as to Plaintiff's location.

19. Plaintiff did not consent to Defendant contacting third parties.

20. On or about December 28, 2012 Plaintiff received a telephone call from a person who identified herself as Toni Warren, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to Cascade Financial.

21. At no time during the course of the aforementioned telephone call to Plaintiff did Defendant provide identification of the company from which she was calling.

22. During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant stated that if Plaintiff did not pay the debt he allegedly owed, Defendant would cause his driver's license to be taken away, and would report him to the Internal Revenue Service.

23. At the time Defendant made the aforementioned threat to cause Plaintiff's driver's license to be taken away, Defendant had neither the intent nor the authority to cause Plaintiff's driver's license to be taken away.

24. At the time Defendant made the aforementioned threat to report Plaintiff to the Internal Revenue Service, Defendant had no intent to report any information about Plaintiff to the Internal Revenue Service.

25. Defendant's representations as aforesaid were made to frighten the Plaintiff and to coerce Plaintiff into making an agreement to make payments to satisfy the debt.

26. In its attempts to collect the debt allegedly owed by Plaintiff to Cascade Financial, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARREN SCHRADER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DARREN SCHRADER**

By:   s/ David M. Marco
     Attorney for Plaintiff

Dated: February 18, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com